UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――x

Keith Shaffer,                                                            Case No. 24cv6067

                          Plaintiff,          **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

           -against-

Fairdinkum Consulting. LLC and
Fairdinkum Management Holdings LLC,
David Hafke, individually and
Michael Llanos, individually,

                          Defendants.
―――――――――――――――――――――――――――――x

SARAH L CAVE, Magistrate Judge:

      WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic, personal and competitively sensitive business information that they may need to disclose in connection with discovery in this action; and

      WHEREAS, the Parties, by and through counsel, agree to the following terms; and

      WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action;

      IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt.

1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2.      The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, and customer prices);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual, including without limitation, employment records or files, medical or mental health records, any records containing personally identifiable information as defined under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or consumer and/or privacy data statutes, laws rules and regulations, the names and contact information of a Party's clients; or

(e) any other category of information given confidential status by this Court after the date of this Order.

(e)     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential

and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) to the extent only a portion of the Discovery Material is designated "Confidential," producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within a reasonable time after providing such notice. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court's, including any appellate court, support personnel, and court Reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as **Exhibit A** hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. Where a Producing Party has designated client identification and/or contact information as Confidential pursuant to this Order, the other Parties shall not use such client identification and/or contact information to contact the Producing Party's clients. Upon a showing of substantial need

and just cause, any Party may apply to the Court for leave from the prohibition against contacting a Producing Party's clients described in this paragraph. Nothing in this paragraph shall prohibit a non-Producing Party from contacting a Producing Party's clients using information that is publicly available or was otherwise not disclosed in connection with discovery in this action

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

12. In accordance with the Individual Practices and Procedures of the Honorable Colleen McMahon, paragraph VI and the Addendum attached hereto, the Parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact

confidential. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why the material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decisions if it concludes that the material discussed is in fact deserving of such treatment. See, attached Addendum.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court subject to referral to the magistrate judge in accordance with the Individual Practices and Procedures of the Honorable Colleen McMahon, paragraph V. B. and the Addendum attached hereto.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted

by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, permanently destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| Dated: New York, New York<br>May 2, 2025 | Dated: New York, New York<br>May 2, 2025 |
| Nisar Law Group, PC<br>Attorney for Plaintiff Keith Shaffer | Gordon Rees Scully Mansukhani, LLP<br>Attorneys for all named Defendants<br>Fairdinkum Consulting, LLC et al. |
| /s/ Susan Ghim<br>BY: _____<br>Susan Ghim, Of Counsel<br>60 East 42nd Street, Suite 4600<br>New York, New York 10165<br>Ph. (646) 889-1011<br>Email: SGhim@Nisarlaw.com | /s/ Qing H. Guo<br>BY: _____<br>Qing H. Guo, Esq.<br>1 Battery Park Plaza, 28th Floor<br>New York, New York 10006<br>Ph. (973) 548-2500<br>Email: qguo@grsm.com |

SO ORDERED:

_____
SARAH L. CAVE

United States Magistrate Judge

Dated: May 2, 2025

## **ADDENDUM**

PURSUANT TO THE INDIVIDUAL PRACTICES AND PROCEDURES OF THE HONORABLE COLLEEN McMAHON PARAGRAPH VI, THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER.

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

**Exhibit A**

to Stipulated Confidentiality Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

Keith Shaffer,                                                                      Case No. 24cv6067

                Plaintiff,                                          **NON-DISCLOSURE AGREEMENT**

    -against-

Fairdinkum Consulting. LLC and
Fairdinkum Management Holdings LLC,
David Hafke, individually and
Michael Llanos, individually,

                Defendants.
_____x

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation, I will return or confirm permanent destruction of all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:

Date