MICHAEL S. HANAN
MHANAN@GRSM.COM
973-464-5616

QING H. GUO
QGUO@GRSM.COM
201-600-8920



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/2026

# GRSM50
GORDON REES SCULLY MANSUKHANI
YOUR **50 STATE** LAW FIRM"

ATTORNEYS AT LAW
290 W. MT. PLEASANT AVENUE, SUITE 3310
LIVINGSTON, NJ 07039

ONE BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

May 22, 2026

**VIA ECF**
The Hon. Colleen McMahon, U.S.D.J.
United States District Court for the Southern District of New Jersey
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Re:    **Shaffer v. Fairdinkum Consulting, LLC et al**
>        **Docket No.: 1:24-cv-06067-CM**

*[handwritten: 5/26/2026 gtd, granted medical records may be filed under seal.]*

Dear Judge McMahon:

We represent Defendants Fairdinkum Consulting, LLC ("Consulting"), Fairdinkum

Management Holdings, LLC ("Holdings"), David Hafke ("Hafke"), and Michael Lianos

("Lianos") in this matter, and respectfully move for leave to file Exhibit 13 of Counsel

Declaration to Defendants' Motion for Summary Judgment under seal. (See Dkt. 95)

Exhibit 13 consists exclusively of Plaintiff Keith Shaffer's July 13 to August 21, 2021

medical records, produced by Plaintiff during discovery. Although Plaintiff has put his medical

records directly at issue in this lawsuit, Defendants make this application as a professional

courtesy to Plaintiff and for Plaintiff's protection. As the Court's own Notice Regarding Privacy

and Public Access to Electronic Civil and Criminal Case Files makes clear, any document filed

on the ECF system is made available over the internet and may be read, downloaded, stored, and

printed by any PACER subscriber. The Clerk's Office will not provide electronic access to

documents that have been sealed or otherwise restricted by Court order. The Notice expressly

identifies medical records. treatment, and diagnosis as a category of sensitive information warranting particular caution upon filing — and precisely the category of information contained in Exhibit 13.

Under the framework established in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), the Court balances the presumption of public access, which for a discrete evidentiary exhibit, sits at the lower end of the spectrum given its limited role in the Court's own legal analysis against the privacy interests of those resisting disclosure. The proposed sealing is strictly limited to Exhibit 13 to Counsel Declaration, and Defendants' Memorandum of Law, Rule 56.1 Statement, and all remaining exhibits will be filed publicly. Defendants respectfully request that the Court grant this motion to file Exhibit 13 under seal.

We thank the Court for its time and consideration in this matter.

> Respectfully submitted,
> GORDON REES SCULLY MANSUKHANI, LLP
>
> */s/ Qing H. Guo*
> Qing H. Guo
> Michael S. Hanan

2