

**NISAR LAW GROUP, P.C.**

One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

Susan Ghim, Of Counsel
sghim@nisarlaw.com
Main: (212) 600-9534
Direct: (646) 889-1011

June 19, 2026

VIA ECF
Hon. Colleen McMahaon, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, N.Y. 10007

**For the reasons set forth in the attached letter, I conclude that Exhibits L and O should be filed under seal. Each implicates serious privacy interests, including tax filing interests and corporate compensation data that is traditionally shielded from public view.**

Re:    Shaffer v. Fairdinkum Consulting LLC et al.
       Request to Seal Exhibits L and O

Dear Judge McMahon:

As the Court is aware, this firm represents the Plaintiff Keith Shaffer in the above referenced

matter. Plaintiff respectfully requests that the Court grant his request the following Exhibits L and O that

will be filed under seal in support of Plaintiff's opposition to Defendants' motion for summary judgment.

The documents at issue are: Exhibit L and O  in support of Plaintiff's  Opposition to  Defendants'

motion for summary judgment that was filed on or about May 22, 2026. [ECF doc. no. 95]  Exhibit L is a

compensation document that contains financial information of Defendants Fairdinkum Consulting LLC and

Fairdinkum Management Holdings LLC including earnings and profits information that implicates

significant privacy interests.  Exhibit O is a tax document of Plaintiff and Holdings that also contains

earnings and profits information that implicate significant privacy interests of both Plaintiff and Corporate

Defendants.

Courts apply a tripartite inquiry to whether or not to seal a document. *See, Olson v. Major League*

*Baseball*, 29 F4th 59, 87-88 (2d Cir. 2022)  The first inquiry is whether the document is a judicial document

subject to a presumptive public right of access.  Id. at 87.  The Second Circuit has defined a judicial

document as "a filed item that is relevant to the performance of the judicial function and useful in the

judicial process." *See, Bernstein v. Bernstein Litowitz Berger & Grossman LLP*., 814 F. 3d 132, 139 (2d Cir. 2016) The second inquiry requires the court to determine the weight of the presumption that attaches to the document by examining "the role of the material issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *See, Olson v. Major League Baseball*, 29 F4th 59, 87-88. This "presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties. Id at 89. However, "documents do not receive different weights of presumption based on the extent to which they are relied upon in resolving the motion. [internal quotes and citations omitted]" *See, United States v*. Prop. & Cas. Ins. Co. of Hartford, 2026 US Dist. LEXIS 38912 at*23-24; 2026 WL 522976 (SDNY, 2026) *citing Lugosch*, 435 F3d 110, 123 (2d Cir. 2006) The third inquiry depends on the weight of the presumption.

Courts in this district have held that personal and financial information implicate significant privacy interests that overcome the strong presumption of public access. *See, United States v*. Prop. & Cas. Ins. Co. of Hartford, 2026 US Dist. LEXIS 38912 at *26. As in *Hartford*, the personal and financial information contained in Exhibits L and O have minimal relevance to the Court's decision on the summary judgment. Id. Therefore, Plaintiff respectfully requests that the Court seal these documents for the privacy interests of both Plaintiff and Defendants.

Respectfully submitted,

/s/ Susan Ghim

_____

Susan Ghim

Via ECF To: All attorneys of record