# N̄LG

**NISAR LAW GROUP, P.C.**

One Grand Central Place
60 East 42nd Street, Suite 4600
New York, NY 10165

Susan Ghim, Of Counsel
sghim@nisarlaw.com
Main: (212) 600-9534
Direct: (646) 889-1011

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/25/2026

June 24, 2026

VIA ECF
Hon. Colleen McMahaon, U.S.D.J.
United States District Court, SDNY
500 Pearl Street
New York, N.Y. 10007

Re:    24-cv-6067 Shaffer v. Fairdinkum Consulting LLC et al.
       Plaintiff's Request to Seal Defendants' Exhibit 11 and Exhibit 7 filed on May 22, 2026

Dear Judge McMahon:

As the Court is aware, this firm represents the Plaintiff Keith Shaffer in the above referenced matter. For the reasons set forth below, Plaintiff respectfully requests that the Court grant his request to seal the Defendants' Exhibits 11 and 7 that were filed by Defendants on or about May 22. 2026 in support of all named Defendants' motion for summary judgment to dismiss the First through Third Causes of Action contained in Plaintiff's First Amended Complaint. [ECF doc. no. 95] The First through Third Causes of action were for discrimination based on disability or failure to accommodate in violation of the Americans with Disabilities Act 42 USC §12101 et seq., the New York State Executive Law ("NYS HRL") §296 et seq. and the New York City Human Rights Law ("NYC HRL") §8-107 et seq. respectively. [ECF doc. no. 7] This is Plaintiff's second motion to seal confidential documents. A previous motion to seal financial records in support of Plaintiff's opposition was filed by Plaintiff on or about June 19, 2026. [ECF doc. 108] Plaintiff's first motion to seal documents was granted on or about June 23, 2026. [ECF doc. no. 111] The instant second motion to seal is for documents previously filed by Defendants on or about May 22, 2026. [ECF doc. nos. 95-13 (Def Exhibit 11) and 95-9 [Def. Exhibit 7]

Request to Seal Exhibit 11 [ECF doc. no. 95-13]
Exhibit 11 was a document issued by the New Jersey Department of Labor, Division of Unemployment Insurance addressed to Defendant Fairdinkum Consulting LLC ("Consulting") as the former employer. This document contained a seemingly redacted social security number ("SSN") of the Plaintiff. Plaintiff's 9 digit SSN was typed over with a series of "X"s over and another series of "X"s typed above the 9 digits. When this document is viewed at 100% in printed hard copy form or on a computer screen, the underlying numbers are not readily discernible. However, upon expansion of the downloaded filed document [ECF doc. no. 95-13] on a computer screen, the underlying SSN numbers were discernible leaving them practically unredacted.

Federal Rule of Civil Procedure ("FRCP") 5.2(a)(1), requires redactions of SSNs to the last four digits. Importantly, Defendants' filing could not waive Plaintiff's right to privacy of his personal information. *See, FRCP* 5.2(h) which states, "[a] person waives …as to the person's own information by filing it without redaction and not under seal." *See also, Zou v. Han,* 2024 US Dist LEXIS 72019 at *12; 2024 WL 1704704 (EDNY, Apr. 19, 2024) (The Court explained in relevant part, "Defendants are correct that [Plaintiff] cannot waive the social security number of defendant…as [Plaintiff] cannot waive FRCP 5.2(a)'s protections for another person.") Similarly, because Defendants in the instant case filed Exhibit 11, they were not capable of waiving the protections under FRCP 5.2(a) for Plaintiff. *Id.* In *Zou,* the Court denied some of the Defendants' motion to seal because the Defendants allowed some of their own unredacted documents previously filed by Defendants to languish on the docket. *See, Id.* at *13 Unlike the Defendants in *Zou,* Plaintiff did not previously file a document with his own unredacted SSN and/or not filed under seal. Accordingly, Plaintiff now seeks to seal Exhibit 11 containing his SSN that were inadequately redacted and filed by Defendants.

Should the Court determine that Plaintiff has not waived FRCP 5.2(a) protections, the Court should consider the *Lugosch* factors to balance the privacy interests of the party and the right of public access to a judicial document. *See, Lugosch,* 435 F3d 110, 123 (2d Cir. 2006); *See also, Zou v. Han,* 2024 US Dist LEXIS 72019 at *10-11 (On a motion to seal documents containing social security numbers, the Court explained, "[b]efore addressing the *Lugosch* factors, the Court must first address whether the Defendants waived pursuant to Fed. R. Civ. P. 5.2(h) their privacy protections by filing their own unredacted personal information on the docket.")

Courts apply a tripartite inquiry to whether or not to seal a document. *See, Olson v. Major League Baseball,* 29 F4th 59, 87-88 (2d Cir. 2022) The first inquiry is whether the document is a judicial document subject to a presumptive public right of access. *Id.* at 87. The Second Circuit has defined a judicial document as "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *See, Bernstein v. Bernstein Litowitz Berger & Grossman LLP.,* 814 F. 3d 132, 139 (2d Cir. 2016) The second inquiry requires the court to determine the weight of the presumption that attaches to the document by examining "the role of the material issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *See, Olson v. Major League Baseball,* 29 F4th 59, 87-88. This "presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties. Id at 89. However, "documents do not receive different weights of presumption based on the extent to which they are relied upon in resolving the motion. [internal quotes and citations omitted]" *See, United States v. Prop. & Cas. Ins. Co. of Hartford,* 2026 US Dist. LEXIS 38912 at*23-24; 2026 WL 522976 (SDNY, 2026) *citing Lugosch,* 435 F3d 110, 123 (2d Cir. 2006) The third inquiry depends on the weight of the presumption.

Courts in this district have held that personal and financial information implicate significant privacy interests that overcome the strong presumption of public access. *See, United States v. Prop. & Cas. Ins. Co. of Hartford,* 2026 US Dist. LEXIS 38912 at *26. As in *Hartford,* the personal information or SSN at issue has minimal if any relevance to the Court's decision on the summary judgment about whether or not the Defendants discriminated against Plaintiff

because it was a post employment application for wage benefits. Id. The document at issue concerning unemployment insurance benefits also has little to no relevance as to Plaintiff's Damages or Defendants' right to set off. As was argued in Plaintiff's opposition brief [ECF doc. no. 107] The right of set off of disability or unemployment benefits are generally not granted by the Courts in this Circuit. *See, Tse v. New York Univ.* 190 F. Supp.3d 366, 373-374 (SDNY 2016) (The Court explained, "many Courts in this Circuit exercised their discretion to decline to deduct collateral source payments from calculations of back pay … declining to deduct unemployment benefits from back pay award…in short, fairness dictates that the windfall be awarded to the victim of discrimination rather than the perpetrator."); *See also, Mahboob v. Food First Fam. Project. Inc.*, 2025 US Dist. LEXIS 210466 at *2-3; 2025; LX 434819 (EDNY, 2025) (In deciding an **in limine** motion. the Court "preclude[d] Defendants from introducing evidence of Plaintiff's unemployment benefits on the grounds such evidence would be unduly prejudicial and would violate the collateral source rule."): *Sass v. MTA Bus Co.* 6 F. Supp. 3d 238, 255 (EDNY, 2014) (The Court explained, "Many courts…deny defendants' requests to offset plaintiffs' recovery of damages from an employer by the amount of unemployment benefits received by plaintiffs after their termination.")

Request to seal Exhibit 7[ECF doc. no. 95-9]

Exhibit 7 was also filed by Defendants on or about May 22, 2026 [ECF doc. no. 95-7] It is requested to be sealed as a medical record. Although it is Consulting's internal Accommodations form, it contains within it, a medical certification with a diagnosis, treatment and medical provider information which is a medical record. *See, e.g. Spring v. Allegany-Limestone Cent. Sch. Dist.,* 2021 U.S. Dist. LEXIS 173846 at *5 (WDNY 2021) *citing Hand v. New York City Transit Auth.* 2012 US Dist. LEXIS 120701; 2012 WL 3704826 at *5 (EDNY Aug. 26. 2012) (The Court explained, "Federal law generally treats medical records as confidential…Thus, plaintiff's motion to seal is granted in part with respect to portions of docket sheets that include the aforementioned…***Physician's Certification Form***. [internal quotes omitted]") In the instant case, Defendants filed Plaintiff's other medical records at Defendants' Exhibit 13 under seal. [ECF doc. no. 98]    However, Defendants failed to address or file under seal, this medical certification document contained within Defendants' Exhibit 7. Courts in this circuit have regularly allowed medical records including physician certifications such as the one at issue contained in Exhibit 7, to be filed under seal as they implicate strong privacy interests that overcome the strong presumption of public access. *See, John-Cedeno v. NY City Health + Hosps. Corp, 22-cv-7959 (RPK)(MMH); 2025 US Dist LEXIS 163807 at *11-13* (EDNY 2025)(The Court ruled. "The Court *sua sponte* directs that plaintiff's medical records be placed under seal…the Clerk of Court is directed to place the medical records attached to defendant's summary judgment motion under seal…courts in this circuit regularly allow medical records to be filed under seal, find that parties have a strong privacy interest in their medical information. [internal quotes omitted]"); *See also, United States v.* Prop. & Cas. Ins. Co. of Hartford, 2026 US Dist. LEXIS 38912 at *25 (The Court explained that "it is fundamentally proper to protect the privacy interests of an individual's medical history where possible to do so. [internal citations omitted]")

Based on the foregoing. Plaintiff respectfully requests that the Court seal these documents contained in Exhibits 11 (SSN information) and 7 (medical certification) and any and other further relief that this Court deems just and proper.

3

Respectfully submitted,

/s/ Susan Ghim

_____

Susan Ghim

Via ECF To: All attorneys of record



**MEMO ENDORSED**

**Exhibit 11, the New Jersey unemployment document, does not need to be filed under seal. However, some means must be found to completely eradicate the ability of anyone to read the first six digits of the plaintiff's social security number. I suggest that the document be filed with those numbers redacted, not by x's typed through then, but by white out and black marker. Since this is a problem easily solved I will not allow the entire exhibit to be filed under seal.**

**Exhibit 7 should also be redacted to hide references to plaintiff's medical information. With that redaction the document should be publicly filed.**

**The originals of each document can be filed under seal.**

*Colleen McMahon*
6/25/2026